1  STEVEN TROLARD    Bar No. 192588
   STEVEN TROLARD & ASSOCIATES
2  A Professional Law Corporation
   100 East Thousand Oaks Blvd., Suite 188
3  Thousand Oaks, Ca 91360
   Phone:  805-495-8199
4  Fax:  805-495-8299
   e-mail No.: steven@trolard.com
5
   Attorney for Plaintiff, Juan D. Ortiz
6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10 In re:                          )   Chapter 12
                                   )
11 JUAN DIAZ ORTIZ,                )   Case No.: 9:09-bk-11458-RR
                                   )
12         Debtor,                 )   Adv. No.: 9:09-ap-01196-RR
                                   )
13 SSN: XXX-XX-9630                )
                                   )   SECOND AMENDED COMPLAINT BY
14 _____     )   DEBTOR,  TO:
                                   )
15 JUAN DIAZ ORTIZ                 )   1.  ESTABLISH THE VALUE OF THE
                                   )       DEBTOR'S REAL PROPERTY;
16         Plaintiff,              )   2.  DETERMINE THE AMOUNT AND
                                   )       EXTEND OF THE THIRD DEED OF
17 vs.                             )       TRUST IN FAVOR OF  SANTA
                                   )       BARBARA BANK & TRUST; AND
18 SANTA BARBARA BANK & TRUST, a   )   3.  AVOID AND REMOVE THE
19 division of Pacific Capital Bank, N.A., and its )  UNSECURED AMOUNT OF THE
   successors and/or assignees.    )       THIRD DEED OF TRUST
20                                 )
           Defendant.              )
21                                 )
                                   )
22                                 )
                                   )
23                                 )
                                   )
24 _____     )

25      Plaintiff, and Debtor, JUAN DIAZ ORTIZ, hereby alleges as follows:

                                    1

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28. U.S.C. ss 157 and 1334, and the Standing Order of reference of the Chief Judge of the United States District Court for the Central District of California dated July 20, 1984. Plaintiff is the Debtor in this matter and the complaint asserts causes of action owned by the Plaintiff.

2.     This proceeding is a core proceeding. To the extent that this adversary proceeding is deemed a non-core proceeding, Plaintiff and Debtor consent to the entry of a final order and judgment by this Bankruptcy Court.

3.     Plaintiff, JUAN DIAZ ORTIZ, is an individual residing in the Central District of California. Accordingly, venue is proper in the Central District of California.

4.     Defendant, SANTA BARBARA BANK & TRUST, a division of Pacific Capital Bank, N.A., and its successors and/or assignees, is a corporation doing business in the Central District of California. Accordingly, venue is proper in the Central District of California.

5.     Plaintiffs filed a Chapter 12 case on April 22, 2009.

6.     ELIZABETH ROJAS is the duly appointed and qualified Chapter 12 Trustee in this case.

7.     As reflected in the bankruptcy schedules filed herein, Plaintiff's primary residence, and his plant nursery operations, is located at 20991 South Mountain Road, Santa Paula, California 93060 (hereinafter referred to as the "Property"). The legal description of the property is attached hereto as Exhibit 1. Assessors Parcel Number 046-0-150-150 consisting of 14.73 acres, wherein plaintiffs own a 100% fee title interest in the Property. The Debtor is a family farmer and he and his family reside on the property and use the property for farming.

2

1

2

### FIRST CLAIM FOR RELIEF:
### TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF THE THIRD DEED OF
### TRUST OF DEFENDANT, SANTA BARBARA BANK & TRUST a division of Pacific
### Capital Bank, N.A., and its successors and/or assignees, (11 U.S.C. SECTION 506(A))

3

4

5

6          8.        Plaintiff reasserts, realleges and incorporates herein by reference each and every

7    allegation contained in all the preceding paragraphs as though set forth in full.

8          9.        Plaintiff estimated the value of the Property on *Schedule A-Real Property* at

9    $1,000,000.00 (a true and correct copy of Schedule A is attached hereto as <u>Exhibit 2</u>). Additionally,

10   as soon as the Plaintiff could locate an appraiser capable of, and willing to, appraise the subject real

11   property after the commencement of this proceeding, Plaintiff purchased an appraisal of the

12   Property from Fred D. Berger Real Estate Appraisals, 8702 Oak Hills Avenue, Bakersfield, CA

13   93312, a true and correct copy of which is attached hereto as <u>Exhibit 3</u>. Said appraisal found that the

14   actual value for the Property is $1,150,000.00.

15         10.       Plaintiff's ownership interest in the Property is subject to a First Deed of Trust (the

16   "First Trust Deed") in favor of Santa Barbara Bank & Trust a division of Pacific Capital Bank, N.A.

17   with a balance shown on the Santa Barbara Bank & Trust's Motion For Relief From Stay in the

18   amount of $1,026,159.97. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the relevant

19   portion of Santa Barbara Bank & Trust's declaration in support of its Motion for Relief From Stay

20   for that loan reflecting a current principal balance of $1,026,159.97 on the First Deed of Trust.

21   Plaintiff's ownership in the Property is also subject to a Second Deed of Trust (the "Second Trust

22   Deed") in favor of Santa Barbara Bank & Trust with a balance shown by the declaration of Santa

23   Barbara Bank & Trust in the amount of $205,797.07. Plaintiff's ownership on the Property is also

24   subject to a Third Deed of Trust (the "Third Trust Deed") in favor of Santa Barbara Bank & Trust

25

with a balance shown by the declaration of Santa Barbara Bank & Trust in the amount of

$141,755.58.

11.      Section 506 of the *Bankruptcy Code*, 11 U.S.C. section 506, *Determination of Secured Status,* states:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an
>
> interest…is a secured claim to the extent of the value of such creditor's interest in the
>
> estate's interest in such property… and is an unsecured claim the extent that the value of
>
> such creditor's interest … is less than the amount of such allowed claim. Such value shall be
>
> determined in light of the purpose of the valuation and of the proposed disposition or use of
>
> such property, and in conjunction with any hearing on such disposition or use or on a plan
>
> affecting such creditor's interest.

12.      In the matter of In re Zimmer, 313 F.3d 1220 (9th Cir. 202), the Court explained "acclaim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. …[N]ot every claim that is secured by a lien on property will be considered a 'secured claim'. Here, it is plain that [the junior lien holder's] claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house." Id. at 223. The Court concluded: "In order to give effect to the definitions of secured and unsecured claims under section 506(a), we must conclude that the rights of a creditor holding only an unsecured claim [in the debtor's residence] may be modified under section 1322(b) (2)." Id. at 1227.

13.      As indicated above, the liens of Santa Barbara Bank & Trust, a division of Pacific Capital Bank, secured by its First, Second and Third Deeds of Trust on the Property had a balance shortly before the filing of this proceeding in the amount of $1,373,712.62. That amount exceeds

1  the appraised fair market value of the Property as set forth in Exhibit 3 by $223,712.62.

2  Accordingly, Defendant, Santa Barbara Bank & Trust's Third Trust Deed on the Property is wholly

3  unsecured in the amount of $141,755.58; and therefore be avoided to that extent and stripped.

4

5  WHEREFORE, Plaintiffs request that this honorable Court enter judgment in favor of Plaintiff as

6  follows:

7
        a.    Establishing that the value of Plaintiff's real property is $1,150,000.00;
8
9       b.    Determining that the Third Trust Deed of Santa Barbara Bank & Trust, a division of

10            Pacific Capital Bank, N.A., and its successors and/or assignees, is wholly unsecured

11            in the amount estimated to be $141,755.58; and

12      c.    Holding that the Third Trust Deed of Santa Barbara Bank & Trust, a division of

13            Pacific Capital Bank, N.A., and its successors and/or assignees, is avoided in its

14            entirety in the amount estimated to be $141,755.58; and

15      d.    For such other and further relief as the Court may deem appropriate.

16

17

18  Dated this 9th day of November, 2009            STEVEN TROLARD & ASSOCIATES
                                                     A Professional Law Corporation
19
                                                     By
20                                                      Steven Trolard
                                                        Attorney for Plaintiff and
21                                                      Debtor

22

23

24

25

1

2

3                                    Exhibit 1

4                              LEGAL DESCRIPTION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**RECORDING REQUESTED BY**
**FIDELITY NATIONAL TITLE**

605103808

**WHEN RECORDED MAIL TO:**
Santa Barbara Bank & Trust
c/o Loan Services
P.O. Box 60734
Santa Barbara, CA 93160-0734

20070621-00124596-0  1/10
Ventura County Clerk and Recorder
Philip J. Schmit
06/21/2007 08:00:00 AM
98621 $36.00 RE

FOR RECORDER'S USE ONLY



*00000000010078902503400613200?*

### DEED OF TRUST

**THIS DEED OF TRUST** is dated June 13, 2007, among Juan Diaz Ortiz, a married man as his sole and separate property, whose address is 1364 Cramer Circle, Carpinteria, CA  93013 ("Trustor"); Santa Barbara Bank & Trust, a division of Pacific Capital Bank, N.A., whose address is Real Estate Loan Division, c/o Loan Services, P.O. Box 60654, Santa Barbara, CA  93160-0654 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PCB SERVICE CORPORATION, whose address is c/o Loan Services, P.O. Box 60654, Santa Barbara, CA  93160-0654 (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Ventura County, State of California;

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

A PORTION OF PARCELS C, D, E AND F OF THE BALCOM TRACT, IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 5, PAGE 20 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT DISTANT SOUTH 89 DEGREES 58' EAST 706.58 FEET FROM A POINT IN THE WEST LINE OF SAID BALCOM TRACT, SAID LATTER POINT BEING DISTANT NORTH 836 FEET FROM THE SOUTHWEST CORNER OF SAID PARCEL D AND THE NORTH LINE OF SOUTH MOUNTAIN ROAD; THENCE FROM THE TRUE POINT OF BEGINNING,

1ST; - SOUTH 89 DEGREES 58' EAST 576 FEET TO A POINT; THENCE

2ND; - NORTH 1114 FEET TO A POINT; THENCE

3RD; - NORTH 89 DEGREES 58' WEST 576 FEET TO A POINT; THENCE

4TH; - SOUTH 1114 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPT THEREFROM ALL OIL, GAS, OTHER HYDROCARBON SUBSTANCES AND MINERALS IN AND UNDER SAID LAND, BUT WITHOUT THE RIGHT TO ENTER UPON THE SURFACE THEREOF OR WITHIN 300 FEET BENEATH THE SURFACE FOR THE PURPOSE OF EXPLORING FOR OR EXTRACTING SUCH OIL, GAS, OR OTHER HYDROCARBON SUBSTANCES AND MINERALS.

PARCEL 2:

EXHIBIT 1
LEGAL DESCRIPTION

|  | DEED OF TRUST | |
|---|---|---|
| Loan No: 100769025 | (Continued) | Page 2 |

A NONEXCLUSIVE RIGHT OF WAY FOR ROADWAY AND PIPELINES OVER A STRIP OF LAND 9 FEET WIDE LYING ADJACENT TO AND SOUTH OF THE SOUTH LINE OF THE ABOVE DESCRIBED PARCEL OF LAND.

PARCEL 3:

A NONEXCLUSIVE RIGHT OF RAY 18 FEET WIDE FOR A ROADWAY AND PIPELINES LYING EQUALLY ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:

BEGINNING AT THE SOUTHWEST CORNER OF THE ABOVE DESCRIBED PARCEL OF LAND; THENCE

NORTH 89 DEGREES 59' WEST 706.58 FEET TO A POINT IN THE WEST LINE OF SAID BALCOM TRACT.

PARCEL 4:

A NONEXCLUSIVE RIGHT OF WAY FOR ROADWAY AND PIPELINES OVER A STRIP OF LAND 12 FEET WIDE LYING ADJACENT TO AND EAST OF THE FOLLOWING DESCRIBED LINE.

BEGINNING AT A POINT IN THE NORTH LINE OF SOUTH MOUNTAIN ROAD AT THE SOUTHWEST CORNER OF SAID PARCEL D; THENCE

NORTH 4262.60 FEET TO A POINT.

PARCEL 5:

A NONEXCLUSIVE RIGHT OF WAY FOR ROADWAY AND PIPELINES OVER A STRIP OF LAND 12 FEET WIDE LYING ADUACENT TO AND SOUTH OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE NORTHWEST CORNER OF THE ABOVE DESCRIBED PARCEL OF LAND; THENCE

NORTH 89 DEGREES 59' WEST 706.58 FEET TO A POINT IN THE WEST LINE OF SAID BALCOM TRACT.

PARCEL 6:

AN EASEMENT FOR INGRESS, EGRESS AND PIPELINE PURPOSES OVER THE FOLLOWING DESCRIBED LAND:

THOSE PORTIONS OF PARCELS E, F AND H OF THE BALCOM TRACT, IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 5, PAGE 20 OF MISCELLANEOUS RECORDS (MAPS) IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

A STRIP OF LAND, 10.00 FEET WIDE, THE WESTERLY AND SOUTHERLY LINE OF SAID STRIP OF LAND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF THE LAND DESCRIBED IN PARCEL 1 OF THE GRANT DEED RECORDED OCTOBER 14, 1980, IN BOOK 5751, PAGE 638 OF OFFICIAL RECORDS OF VENTURA COUNTY. SAID POINT BEARS NORTH 0 DEGREES 00' 23" WEST 2103.46 FEET FROM THE SOUTHWESTERLY CORNER OF SAID PARCEL 1; THENCE ALONG THE BOUNDARY OF SAID PARCEL 1 BY THE FOLLOWING TWO COURSES:

1ST:  SOUTH 0 DEGREES 00' 73" WEST 2103.46 FEET; THENCE

2ND:  SOUTH 89 DEGREES 59' 14" EAST 348.50 FEET.

The Real Property or its address is commonly known as  20991 South Mountain Road, Santa Paula, CA 93060.  The Assessor's Parcel Number for the Real Property is 046-0-150-150.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A) PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS OF THE TRUSTOR UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

Exhibit 2

SCHEDULE A-REAL PROPERTY

B6A (Official Form 6A) (12/07)

In re   **Juan Diaz Ortiz**                                                     Case No.    **9:09-bk-11458**
                              _____                          _____
                                     Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **20991 S. Mountain Road**<br>**Santa Paula, CA 93060**<br>**Notice of Default dated 3/30/09**<br>**File: D2009-0364** | **Fee simple** | - | **1,000,000.00** | **1,322,816.00** |
| **1364 Cramer Circle**<br>**Carpinteria, CA 93013**<br>**Notice of Default and Election To Sell**<br>**Dated 4/1/2009**<br>**Trustee Sale No. A384732 CA**<br>**APN: 1: 003-102-21-00** | **Fee simple** | - | **767,000.00** | **778,783.86** |

|  |  |  |
|---|---|---|
| Sub-Total > | **1,767,000.00** | (Total of this page) |
| Total > | **1,767,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property                  (Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

1

2

3

**Exhibit 3**

4

**APPRAISAL**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FRED L. BERGER REAL ESTATE APPRAISALS

Fred D. Berger, 661-392-7069

File No.  NFF 465C5 Mountain
Case No.  NFF 465C5 Mountain

# Uniform Residential Appraisal Report

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

**SUBJECT**

| Property Address | 20991 S. Mountain Road | City | Santa Paula | State | CA | Zip Code | 93060 |
|---|---|---|---|---|---|---|---|

Borrower Juan D. Ortiz    Owner of Public Record  Juan D. Ortiz    County  Ventura

Legal Description See Assesor's parcel Number........

| Assessor's Parcel # | 046-0-150-150 | | Tax Year | 2008 | R.E. Taxes $ 18,630.38 |
|---|---|---|---|---|---|

Neighborhood Name Santa Paula    Map Reference  485-C5    Census Tract  0005.00

Occupant [X] Owner [ ] Tenant [ ] Vacant  Special Assessments $  -0-    [ ] PUD  HOA $    [ ] per year [ ] per month

Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe)

Assignment Type [ ] Purchase Transaction [ ] Refinance Transaction [X] Other (describe) Determine market value for subject property.

Lender/Client Steven Troiard & Associates    Address 100 E. Thousand Oaks Blvd., #188, Thousand Oaks, CA 91360

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [X] Yes [ ] No

Report data source(s) used, offerings price(s), and date(s).    The subject property was listed on the market on 08/30/2008 and was expired on 10/14/2008 with list price of $1,950,000 and 404 DOM. Was listed with Select Properties (Fernando Jauregui) Ph# 805-901-7706. Sources: MLS, Realquest.

[ ] I  [X] did  not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.  N/A.

**CONTRACT**

Contract Price $   N/A    Date of Contract    Is the property seller the owner of public record? [ ] Yes [ ] No  Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No
If Yes, report the total dollar amount and describe the items to be paid.

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | One-Unit Housing Trends | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|
| Location [ ] Urban [ ] Suburban [X] Rural | Property Values [ ] Increasing [ ] Stable [X] Declining | PRICE $(000) | AGE (yrs) | One-Unit | 65 % |
| Built-Up [ ] Over 75% [X] 25-75% [ ] Under 25% | Demand/Supply [ ] Shortage [ ] In Balance [X] Over Supply | Low | New | 2-4 Unit | 5 % |
| Growth [ ] Rapid [ ] Stable [X] Slow | Marketing Time [ ] Under 3mths [X] 3-6 mths [ ] Over 6mths | 700k Low  New High | | Multi-Family | 5 % |
| | | 2M High | | Commercial | 5 % |
| | | Pred. New-100 | | Other vacant | 20 % |

Neighborhood Boundaries  Subject is located in Santa Paula.  This is an agricultural community near Ventura, Oxnard and Fillmore.

Neighborhood Description  NHBRHD mainly of small 10-30 acre farming parcels including atleast one home in Avg. to Good condition. Proximity to employment and services is average with most facilities located nearby. Employment stability is average. Appeal to market is Average for the subject property as it is located in an area that appears well suited for agriculture and farming.

Market Conditions (including support for the above conclusions)  Conventional financing area, due to values of this type of small farming property.  Seller financing, buydowns & other concessions not the norm. Values that have appreciated in 2003 - 2007 have continued to decline in value. Marketing time for properties priced to reflect market conditions range from 90 - 300 days due to the unique area and type of properties.

**SITE**

| Dimensions  See Site Map for Area Calculation | Area 641,638 SF/14.73 Acre | Shape  Sl.Irregular | View  Mtn./Valley |
|---|---|---|---|

Specific Zoning Classification RE1AC    Zoning Description TRUCK CROPS (8120)

Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No  If No, describe.

| Utilities  Public  Other (describe) | | | Public  Other (describe) | | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|
| Electricity [X] | | Water | | [X] Well | Street  Asphalt | [X] | |
| Gas | [X] | Propane | Sanitary Sewer | [X] Septic Tank | Alley  None | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No  FEMA Flood Zone    FEMA Map #    FEMA Map Date

Are the utilities and/or off-site improvements typical for the market area? [X] Yes [ ] No  If No, describe.

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No  If Yes, describe.
No external obsolescence noted or observed.  Easement is used with adequate ingress/egress.  Water well, (500 GPM) is shared as per owner with 3 parties total.  Water is available per owner 2 days per week.

**IMPROVEMENTS**

| General Description | Foundation | Exterior Description  materials/condition | Interior  materials/condition |
|---|---|---|---|
| Units [X] One [ ] One with Accessory Unit | [X] Concrete Slab [ ] Crawl Space | Foundation Walls  Slab/Avg.(+) | Floors  Carpet,vinyl/Avg.(+) |
| # of Stories 2 Story | [ ] Full Basement [ ] Partial Basement | Exterior Walls  Stucco/Avg.(+) | Walls  Drywall/Avg.(+) |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area    sq. ft. | Roof Surface  Tile/Avg.(+) | Trim/Finish  Wood/Avg.(+) |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish    % | Gutters & Downspouts  Yes/Avg.(+) | Bath Floor  Vinyl/Avg.(+) |
| Design (Style) Convnt'l/Avg. | [ ] Outside Entry/Exit [ ] Sump Pump | Window Type  Aluminum/Avg.(+) | Bath Wainscot  Tile/Avg.(+) |
| Year Built 1960 | Evidence of [ ] Infestation None | Storm Sash/Insulated None | Car Storage  None |
| Effective Age (Yrs) 25 | [ ] Dampness [ ] Settlement | Screens  None | [X] Driveway  # of Cars 2 |
| Attic [ ] None | Heating [X] FWA [ ] HWBB [ ] Radiant | Amenities [X] Woodstove(s) # 1 | Driveway Surface Concrete |
| [ ] Drop Stair [ ] Stairs | [ ] Other  Fuel  Gas | [X] Fireplace(s) # 1 [ ] Fence | [X] Garage  # of Cars 2 |
| [ ] Floor [X] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck  Cov'd [ ] Porch | [ ] Carport  # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | [ ] Pool  [ ] Other  Cov'd entry | [X] Att. [ ] Det. [ ] Built-in |

Appliances [ ] Refrigerator [X] Range/Oven [X] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer [ ] Other (describe)

Finished area above grade contains:    8  Rooms    4  Bedrooms    3.00  Bath(s)    2,460  Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.)  Subject property home has built in appliances & tile countertops in kitchen, dining area, 1 fireplace in great room, service room, office, wood stove, covered patio & entry, 2 car garage, and a 1,736 S.F. metal building.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  Condition Average (+). Quality Average.  Subject has a 1,736 metal bldg. on slab which is included with the subject property.   *** Public records did not indicate the year built for the subject property home.  The appraiser estimated the home to be built in 1960 due to the type of construction.  The effective age of the home is 25, and the remaining economic life is estimated at 50 years.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No  If Yes, describe
Subject appears in better than average condition.  No apparent adverse conditions noted or observed.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No  If No, describe  The subject property conforms to the surrounding area which is made up of small 10 - 30 acre residential and farming properties.  No crops or any other items are valued in this report only land, home, and the 1,736 S.F. metal bldg..

Freddie Mac Form 70  March 2005

## Uniform Residential Appraisal Report

| There are | 5 | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ | 890,000 | to $ | 2,000,000 |
| There are | 7 | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ | 890,000 | to $ | 2,000,000 |

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 20991 S. Mountain Road | 1720 Santa Paula Street | | 4800 Sand Canyon Road | | 2559 Alicante Court | |
| | Santa Paula, CA 93060 | APN: 108-0-070-125 | | APN: 110-0-210-180 | | APN: 519-0-110-155 | |
| Proximity to Subject | | 5.54 miles W | | 5.33 miles S | | 9.97 miles SE | |
| Sale Price | $ N/A | $ 890,000 | | $ 1,250,000 | | $ 1,100,000 | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 296.67 sq. ft. | | $ 930.06 sq. ft. | | $ 0.00 sq. ft. | |
| Data Source(s) | | Title Co./Pub. Records | | Title Co./Pub. Records | | Title Co./Pub. Records | |
| Verification Source(s) | | Realquest/Listing# 80021839 | | Realquest/Listing# 80017432 | | Realquest/Listing# 510124 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sale or Financing | | Conv. D.# 108560 | | Cash D.# 21657 | | Private D.# 94951 | |
| Concessions | | 66% 1st TD | | TD Terms N/A | | 60% 1st TD | |
| Date of Sale/Time | | 06/30/09 COE | | 02/19/09 COE | | 06/09/09 COE | |
| Location | Average (+) | Similar | | Similar | | Similar | |
| Leasehold/Fee Simple | Fee Simple | Fee | | Fee | | Fee Simple | |
| Site | 641,638 SF/14.73 Ac. | 476,546 SF/10.94Ac | +80,000 | 918,244 SF/21.08Ac | -120,000 | 455,115 SF/10.45Ac | +60,000 |
| View | Mtn./Valley | Similar | | Similar | | Similar | |
| Design (Style) | Convnt'l/Avg. | Similar | | Manufactured | +25,000 | Land/Lot | |
| Quality of Construction | Average | Similar | | Similar | | N/A | |
| Actual Age | 1960/49 E/25 | 1916/93 E/25 | | 1984/25 E/20 | -2,500 | N/A | |
| Condition | Average (+) | Avg./Good | -15,000 | Average | +25,000 | No Home | +150,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 8  4  3.00 | 8  4  1.50 | +7,500 | 7  3  2.00 | +5,000 | 0  0  0.00 | |
| Gross Living Area | 2,460 sq. ft. | 3,000 sq. ft. | -18,900 | 1,344 sq. ft. | +39,060 | 0 sq. ft. | |
| Basement & Finished | No CROP | Cellar&basement | -5,000 | Lemons 18 Ac. | -150,000 | None | |
| Rooms Below Grade | DOM | 202 DOM | | 509 DOM | | None | |
| Functional Utility | 8/4BR/Avg. | 8/4BR/Avg. | | 7/3BR/Avg. | +5,000 | N/A | |
| Heating/Cooling | Fau | Similar | | Similar | | N/A | |
| Energy Efficient Items | 1,736 Metal Bldg. | None | +15,000 | Similar Facilities | | None | +15,000 |
| Garage/Carport | 2 Car Garage | Similar | | None | +7,500 | N/A | |
| Porch/Patio/Deck | Avg(+)Yrd.Imprvmnt | Similar | | Similar | | N/A | |
| Fireplaces | 1 Fireplace | 2 Fireplaces | -1,000 | Similar | | N/A | |
| Pool | No Pool | Similar | | Similar | | N/A | |
| Built-Ins | Built-Ins | Similar | | Similar | | N/A | |
| Net Adjustment (Total) | | [X] + [ ] - | $ 62,600 | [ ] + [X] - | $ -165,940 | [X] + [ ] - | $ 225,000 |
| Adjusted Sale Price | | Net Adj: 7% | | Net Adj: -13% | | Net Adj: 20% | |
| of Comparables | | Gross Adj: 16% | $ 952,600 | Gross Adj: 30% | $ 1,084,060 | Gross Adj: 20% | $ 1,325,000 |

[ ] [X] did [ ] did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research [X] did [ ] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s) Public Records/MLS
My research [X] did [ ] did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s) Public Records/MLS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 06/21/2007 Prior Sale | No Prior Sale | 07/22/2009 Transfer | No Prior Sale |
| Price of Prior Sale/Transfer | $1,575,000 | 12 Months | Grant Deed | 12 Months |
| Data Source(s) | Public Records/MLS | Public Records/MLS | Public Records/MLS | Public Records/MLS |
| Effective Date of Data Source(s) | 08/18/2009 | 08/18/2009 | 08/18/2009 | 08/18/2009 |

Analysis of prior sale or transfer history of the subject property and comparable sales  The subject property last sold for $1,575,000 on 06/21/2007 as per Realquest. Comparable #2 transferred as a Grant Deed on 07/22/2009 as per Realquest.

Summary of Sales Comparison Approach  Comparables utilized on sales comparison section of this appraisal considered the best/most recent available. All comparables considered good indicators of value and all comparables considered on this report. Sale #1 awarded most weight in this appraisal report due to similarities with subject. Sale #2 also considered a good comparable. Sales #3 and #4 is a land only sale, will probably be developed into homes and lots. $20,000 per usable acre was utilized for adjustment purposes for land adjustments. Crops were also adjusted for at $150,000., as were land sales with no homes. All appropriate adjustments made for dissimilarities. Comparable #6 awarded least weight due to agribusiness requesting a lease back. See additional comparables #4 - #6 which also support the estimate of market value for the subject property.

Indicated Value by Sales Comparison Approach $  1,150,000

Indicated Value by: Sales Comparison Approach $ 1,150,000  Cost Approach (if developed) $  0  Income Approach (if developed) $  N/A
The sales Comparison Approach is considered the best indicator of the subject's market value as it best represents the actions of buyers and sellers in the market. This is supported by the Cost Approach. The income data is retained in appraisers files.

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or [ ] subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:  Subject property appraised AS IS. This report is considered a credible, self-contained appraisal report as defined by USPAP.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report
$  1,150,000 , as of  08/04/2009 , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70  March 2005

FRED D. BERGER REAL ESTATE APPRAISALS

File No.  NFF 465C5 Mountain
Case No.  NFF 465C5 Mountain

## Uniform Residential Appraisal Report

**ADDITIONAL COMMENTS**

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate your cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)

**COST APPROACH**

| ESTIMATED | X | REPRODUCTION OR | REPLACEMENT COST NEW | OPINION OF SITE VALUE | | =$ | |
|---|---|---|---|---|---|---|---|
| Source of cost data | | | | Dwelling | 2,460 | Sq. Ft. @ $ | =$ |
| Quality rating from cost service | | Effective date of cost data | | | | Sq. Ft. @ $ | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | | | | =$ |
| | | | | Garage/Carport | 484 | Sq. Ft. @ $ | =$ |
| | | | | Total Estimate of Cost-new | | | =$ 0 |
| | | | | Less | Physical 0 | Functional 0 | External 0 |
| | | | | Depreciation | 0 | 0 | 0 | =$ ( 0 ) |
| | | | | Depreciated Cost of Improvements | | | =$ 0 |
| | | | | "As-is" Value of Site Improvements | | | =$ |
| Estimated Remaining Economic Life (HUD and VA only) | | | Years | Indicated Value By Cost Approach | | | =$ 0 |

**INCOME**

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

| Estimated Monthly Market Rent $ | N/A | X Gross Multiplier | N/A | =$ | 0 | Indicated Value by Income Approach |
|---|---|---|---|---|---|---|

Summary of Income Approach (including support for market rent and GRM)

**PUD INFORMATION**

### PROJECT INFORMATION FOR PUDs (if applicable)

| Is the developer/builder in control of the Homeowner's Association (HOA)? | | Yes | | No | Unit type(s) | | Detached | | Attached |
|---|---|---|---|---|---|---|---|---|---|

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | | Total number of units | | Total number of units sold | |
|---|---|---|---|---|---|
| Total number of units rented | | Total number of units for sale | | Data source(s) | |

Was the project created by the conversion of existing building(s) into a PUD?    Yes    No  If Yes, date of conversion.

Does the project contain any multi-dwelling units?    Yes    No    Data source.

Are the units, common elements, and recreation facilities complete?    Yes    No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowner's Association?    Yes    No    If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

**FRED D. BERGER REAL ESTATE APPRAISALS**
**EXTRA COMPARABLES 4-5-6**

File No.    NFF 465C5 Mountain
Case No.    NFF 465C5 Mountain

| | |
|---|---|
| Borrower   Juan D. Ortiz | |
| Property Address  20991 S. Mountain Road | |
| City  Santa Paula   County  Ventura   State  CA   Zip Code  93060 | |
| Lender/Client   Steven Trolard & Associates   Address  N/A | |

| FEATURE | SUBJECT | COMPARABLE SALE #    4 | COMPARABLE SALE #    5 | COMPARABLE SALE #    6 |
|---|---|---|---|---|
| Address | 20991 S. Mountain Road Santa Paula, CA 93060 | 6953 Solano Verde Drive APN: 108-0-140-375 | 18450 S Mountain Road APN: 107-0-050-510 | 6426 Cagall Drive APN: 503-0-030-090 |
| Proximity to Subject | | 2.72 miles S | 2.91 miles W | 7.03 miles W |
| Sale Price | $         N/A | $            830,000 | $         1,395,000 | $      1,950,000 |
| Sale Price/Gross Liv. Area | $     0.00      sq. ft. | $       0.00      sq. ft. | $     775.00   sq. ft. | $     917.65    sq. ft. |
| Data Source(s) | | Title Co./Pub. Records | Title Co./Pub. Records | Title Co./Pub. Records |
| Verification Source(s) | | Realquest/Listing# 80022752 | Realquest/Listing# 90012933 | Realquest/Listing# 90000077 |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | Private D# 115303 | | Active | -99,990 | Active | -299,990 |
| Concessions | | 55% 1st TD | | Active | | Active | |
| Date of Sale/Time | | 07/10/09 COE | | 12 DOM - REO | | 223 DOM | |
| Location | Average (+) | Similar | | Similar | | Similar | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 641,638 SF/14.73 Ac. | 850,291 SF/19.52Ac | -100,000 | 1,006,236 SF/23.10Ac | -160,000 | 618,116 SF/14.9Ac | |
| View | Mtn./Valley | Similar | | Similar | | Similar | |
| Design (Style) | Convnt'l/Avg. | Land/Lot | | Similar | | Similar | |
| Quality of Construction | Average | N/A | | Similar | | Similar | |
| Actual Age | 1960/49 E/25 | N/A | | 1890/119 E/45 | | 1999/10 E/5 | -10,000 |
| Condition | Average (+) | No Home | +150,000 | Average | +25,000 | Good | -50,000 |
| Above Grade | Total  Bdrms.  Baths | Total  Bdrms.  Baths | | Total  Bdrms.  Baths | | Total  Bdrms.  Baths | |
| Room Count | 8    4    3.00 | | | 8    4    4.00 | -5,000 | 7    3    2.00 | +5,000 |
| Gross Living Area | 2,460   sq. ft. | 0        sq. ft. | | 1,800    sq. ft. | +23,100 | 2,125   sq. ft. | +11,725 |
| Basement & Finished | No CROP DOM | No CROP 204 DOM | | 2Br/2Ba studio 12 DOM | -35,000 | Avacado/Citrus 223 DOM | -150,000 |
| Rooms Below Grade | | | | | | | |
| Functional Utility | 8/4BR/Avg. | N/A | | 8/4BR/Avg. | | 7/3BR/Avg. | +5,000 |
| Heating/Cooling | Fau | N/A | | Wall | | Fau/CAC | -2,000 |
| Energy Efficient Items | 1,736 Metal Bldg | N/A | | Similar Facilities | | Superior Facilities | -100,000 |
| Garage/Carport | 2 Car Garage | N/A | | 3 Car Garage | -2,500 | 3 Car Garage | -2,500 |
| Porch/Patio/Deck | Avg(+)Yrd.Imprvmnt | N/A | | Similar | | Similar | |
| Fireplaces | 1 Fireplace | N/A | | Similar | | Similar | |
| Pool | No Pool | N/A | | Similar | | Similar | |
| Built-Ins | Built-Ins | N/A | | Similar | | Similar | |
| Net Adjustment (Total) | | [X] +  - | $    50,000 | [ ] + [X] - | $   -244,390 | [ ] + [X] - | $   -592,765 |
| Adjusted Sale Price | | Net Adj: 6% | | Net Adj: -18% | | Net Adj: -30% | |
| of Comparables | | Gross Adj : 30% | $   880,000 | Gross Adj: 26% | $  1,150,610 | Gross Adj: 33% | $  1,357,235 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales

| ITEM | SUBJECT | COMPARABLE SALE #   4 | COMPARABLE SALE #   5 | COMPARABLE SALE #   6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 06/21/2007 Prior Sale | No Prior Sale/Transfer | No Prior Sale/Transfer | No Prior Sale/Transfer |
| Price of Prior Sale/Transfer | $1,575,000 | 12 Months | 12 Months | 12 Months |
| Data Source(s) | MLS/Pub. Records | Public Records/MLS | Public Records/MLS | Public Records/MLS |
| Effective Date of Data Source(s) | 08/18/2009 | 08/18/2009 | 08/18/2009 | 08/18/2009 |

Analysis of prior sale or transfer history of the subject property and comparable sales

Summary of Sales Comparison Approach   Comparables #4 - #6 also indicates good support for the subject property's estimate of market value.

*SALES COMPARISON ANALYSIS*

FRED D. BERGER REAL ESTATE APPRAISALS

Uniform Residential Appraisal Report

File No.    NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

FRED D BERGER REAL ESTATE APPRAISALS

File No. NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

**Uniform Residential Appraisal Report**

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature _Fred D Bg_ | Signature _____ |
| Name  Fred D. Berger | Name _____ |
| Company Name FRED D. BERGER REAL ESTATE APPRAISALS | Company Name _____ |
| Company Address 8702 Oak Hills Avenue | Company Address _____ |
| Bakersfield, CA 93312 | |
| Telephone Number 661-392-7069 | Telephone Number _____ |
| Email Address FredBergerAppraisals@yahoo.com | Email Address _____ |
| Date of Signature and Report 08/19/2009 | Date of Signature _____ |
| Effective Date of Appraisal 08/04/2009 | State Certification # _____ |
| State Certification #  AR008253 | or State License # _____ |
| or State License # _____ | State _____ |
| or Other (describe) _____ State # _____ | Expiration Date of Certification or License _____ |
| State  CA | |
| Expiration Date of Certification or License 10/28/2010 | |

| ADDRESS OF PROPERTY APPRAISED | SUBJECT PROPERTY |
|---|---|
| 20991 S. Mountain Road | ☐ Did not inspect subject property |
| Santa Paula, CA 93060 | ☐ Did inspect exterior of subject property from street |
| | Date of Inspection |
| APPRAISED VALUE OF SUBJECT PROPERTY $ 1,150,000 | ☐ Did inspect interior and exterior of subject property |
| LENDER/CLIENT | Date of Inspection |
| Name _____ | |
| Company Name Steven Trolard & Associates | COMPARABLE SALES |
| Company Address N/A | ☐ Did not inspect exterior of comparable sales from street |
| | ☐ Did inspect exterior of comparable sales from street |
| Email Address _____ | Date of Inspection |

SKETCH ADDENDUM

File No.   NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | |
| City  Santa Paula | | County | Ventura | State | CA | Zip Code  93060 |
| Lender/Client | Steven Trolard & Associates | | Address  N/A | | | |



Sketch by Apex Medina™

Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Net Size | Net Totals |
| GLA1 | First Floor | 2085.0 | 2085.0 |
| GLA2 | Second Floor | 375.0 | 375.0 |
| GAR | Garage | 484.0 | 484.0 |
| | | | |
| Net LIVABLE Area | | (rounded) | 2460 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 23.5  x  5.0 | | 117.5 |
| 15.0  x  17.0 | | 255.0 |
| 33.0  x  29.0 | | 957.0 |
| 9.0  x  27.5 | | 247.5 |
| 8.0  x  33.0 | | 264.0 |
| 8.0  x  30.5 | | 244.0 |
| Second Floor | | |
| 22.0  x  7.0 | | 154.0 |
| 13.0  x  17.0 | | 221.0 |
| 8 Items | (rounded) | 2460 |

ClickFORMS Appraisal Software 800-622-8727                     Page   8   of   18

PLAT MAP

| Borrower | Juan D. Ortiz | | | | | |
| Property Address | 20991 S. Mountain Road | | | | | |
| City  Santa Paula | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client   Steven Trolard & Associates | | Address  N/A | | | | |



FRED D. BERGER REAL ESTATE APPRAISALS
LOCATION MAP ADDENDUM

File No.    NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | | Address N/A | | | | |



NFF DENVER REAL ESTATE APPRAISALS
SUBJECT PHOTO ADDENDUM

File No.    NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | | | Address | N/A | | |



**FRONT OF
SUBJECT PROPERTY**
20991 S. Mountain Road
Santa Paula, CA 93060



**REAR OF
SUBJECT PROPERTY**



**STREET SCENE**

RESIDENTIAL ESTATE APPRAISAL
**SUBJECT PHOTO ADDENDUM**

File No.    NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| | | | | | |
|---|---|---|---|---|---|
| Borrower | Juan D. Ortiz | | | | |
| Property Address | 20991 S. Mountain Road | | | | |
| City  Santa Paula | County | Ventura | State | CA | Zip Code  93060 |
| Lender/Client | Steven Trolard & Associates | Address | N/A | | |



Garage



Building



Building

ClickFORMS Appraisal Software 800-622-8727

RESIDENTIAL REAL ESTATE APPRAISAL
**SUBJECT PHOTO ADDENDUM**

| | | | | File No. | NFF 465C5 Mountain |
| | | | | Case No. | NFF 465C5 Mountain |

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | | Address | N/A | | | |







UNIFORM RESIDENTIAL REAL ESTATE TRANSFERS

**SUBJECT PHOTO ADDENDUM**

File No.    NFF 465C5 Mountain
Case No.    NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | | | Address | N/A | | |



kITCHEN



Living Room



Bedroom

FINE COMMERCIAL REAL ESTATE APPRAISALS
**SUBJECT PHOTO ADDENDUM**

| | | | | File No. | NFF 465C5 Mountain |
| --- | --- | --- | --- | --- | --- |
| | | | | Case No. | NFF 465C5 Mountain |

| Borrower | Juan D. Ortiz | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Property Address | 20991 S. Mountain Road | | | | | |
| City Santa Paula | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | Address | N/A | | | |



Bath



Living Room



SUBJECT PROPERTY GENERAL ESTATE PHOTOGRAPH
COMPARABLES 1-2-3

File No.   NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City  Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client   Steven Trolard & Associates | | | Address   N/A | | | | |



**COMPARABLE SALE #     1**
1720 Santa Paula Street
APN: 108-0-070-125



**COMPARABLE SALE #     2**
4800 Sand Canyon Road
APN: 110-0-210-180



**COMPARABLE SALE #     3**
2559 Alicante Court
APN: 519-0-110-155

ClickFORMS Appraisal Software 800-622-8727

Page  16  of  18

RESIDENTIAL REAL ESTATE APPRAISAL
COMPARABLES 4-5-6

File No.    NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| Borrower | Juan D. Ortiz | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 20991 S. Mountain Road | | | | | | |
| City Santa Paula | | County | Ventura | State | CA | Zip Code | 93060 |
| Lender/Client | Steven Trolard & Associates | | Address | N/A | | | |



**COMPARABLE SALE #    4**
6953 Solano Verde Drive
APN: 108-0-140-375



**COMPARABLE SALE #    5**
18450 S Mountain Road
APN: 107-0-050-510



**COMPARABLE SALE #    6**
6426 Cagall Drive
APN: 503-0-030-090

FRED D. BERGER REAL ESTATE APPRAISALS
**COMMENT ADDENDUM**

File No.  NFF 465C5 Mountain
Case No. NFF 465C5 Mountain

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower | Juan D. Ortiz | | | | | |
| Property Address | 20991 S. Mountain Road | | | | | |
| City  Santa Paula | County | | Ventura | State | CA | Zip Code  93060 |
| Lender/Client | Steven Trolard & Associates | | Address  N/A | | | |

THE SCOPE OF THIS APPRAISAL REPORT

This appraisal was completed to facilitate the internal disposition of the property and estimate the market value for the subject property. The scope of the appraisal is to provide an estimate of market value for the subject property based on current market data as well as the condition of the subject as well as the comparables utilized in the sales comparison section of the appraisal report.

The Intended User of this appraisal report is the Lender/Client. The Intended Use is to evaluate the property that is the subject of this appraisal for a mortgage finance transaction, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value. No additional Intended Users are identified by the appraiser.

Based on the market data obtained by the diligent search completed while working on this appraisal assignment and the inspection of the subject property the appraiser has developed an opinion of value for the subject property. After inspecting the subject property and reviewing all the market data, the appraisers opinion of value for the subject property as well as the date of value are contained on the appraisal report supplied.

Sincerely,

Fred D. Berger, AR008253

FRED D. BERGER REAL ESTATE APPRAISALS          File No.   NFF 465C5 Mountain
                                               Case No.   NFF 465C5 Mountain

# INVOICE

**Invoice #:**      NFF 465 C5 20991 S. Mountain 08-09
**Invoice Date:** 08/17/2009
**Fee:**            0.00
**Due Date:**    Payment received

**Lender or Client:**                **Borrower:**
Steven Trolard & Associates          Juan D. Ortiz
N/A                                  20991 S. Mountain Road
                                     Santa Paula, CA 93060

| Item | Cost |
|------|------|
| URAR in Santa Paula, CA | $ 1,750.00 |
| Extremeley complex, rural area, subject on 14.73 Acres, | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| Paid by check# 0740803489 | $ -1,750.00 |
| | $ |
| | $ |
| **Total Amount Due:** | $ **0.00** |

**Terms:**

**Please remit payment to:**

Fred D. Berger
FRED D. BERGER REAL ESTATE APPRAISALS
8702 Oak Hills Avenue
Bakersfield, CA 93312

Exhibit 4

RELEVANT PORTION OF DEFENDANT'S MOTION FOR RELIEF FROM STAY SHOWING
OUTSTANDING BALANCES

Motion for Relief from Stay (Real Property) - *Page 8 of* ___        **F 4001-1M.RP**

| In re                                          | CHAPTER: 12 |
|------------------------------------------------|-------------|
| (SHORT TITLE)                                  |             |
| JUAN DIAZ ORTIZ DBA JDO NURSERY    Debtor(s).  | CASE NO.: 9:09-bk-11458-RR |

10. ☐  *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $_____, established by:

    a. ☐  Appraiser's declaration with appraisal attached herewith as Exhibit _____.

    b. ☐  A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c. ☐  A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

    d. ☐  Other *(specify):*

11. ☒  The fair market value of the Property is declining based on/due to: <u>Current Market Conditions</u>

12. ☒  **Calculation of equity in Property:**

    a.  Based upon  ☐ preliminary title report   ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | Pacific Capital Bancorp | $986,576.00 | $1,026,159.97 |
| 2nd Deed of Trust: | Pacific Capital Bancorp | $197,565.00 | $205,797.07 |
| 3rd Deed of Trust: | Pacific Capital Bancorp | $138,675.00 | $141,755.58 |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:**  **$ 1,373,712.55** | | | |

    b.  Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit  7 _____, and consists of:

        ☐  Preliminary title report

        ☒  Relevant portions of Debtor's(s') Schedules as filed in this case

        ☐  Other *(specify):*

    c.  Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ 0.00 _____ (§ 362(d)(2)(A)).

    d.  The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $0.00 _____ (§ 362(d)(1)).

    e.  Estimated costs of sale: $ 60,000.00 _____   (Estimate based upon 6 _____% of estimated gross sales price)

13. ☒  *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a.  341(a) Meeting currently scheduled for (or concluded on) the following date:   NONE
      Confirmation hearing currently scheduled for (or concluded on) the following date:  NONE
      Plan confirmed on the following date *(if applicable):*  N/A

    b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | | | |
|---|---|---|---|---|---|---|
| *(Number of)* 1 | payment(s) due at $ | 9,563.93 | each | = | $ | 9,563.93 |
| *(Number of)* 0 | payment(s) due at $ | 0.00 | each | = | $ | 0.00 |
| *(Number of)* 1 | late charge(s) at $ | 896.58 | each | = | $ | 896.58 |
| *(Number of)* 0 | late charge(s) at $ | 0.00 | each | = | $ | 0.00 |

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                         **F 4001-1M.RP**

4