STEVEN TROLARD   Bar No. 192588
STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation
100 East Thousand Oaks Blvd., Suite 188
Thousand Oaks, Ca 91360
Phone: 805-495-8199
Fax: 805-495-8299
e-mail No.: steven@trolard.com

Attorney for Plaintiff, Juan D. Ortiz

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Chapter 12 |
| JUAN DIAZ ORTIZ, | Case No.: 9:09-bk-11458-RR |
| Debtor, | Adv. No.: 9:09-ap-01196-RR |
| SSN: XXX-XX-9630 | **MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT; DECLARATION OF STEVEN TROLARD; PROPOSED, THIRD AMENDED COMPLAINT** |
| JUAN DIAZ ORTIZ | |
| Plaintiff, | |
| vs. | |
| SANTA BARBARA BANK & TRUST, a division of Pacific Capital Bank, N.A., and its successors and/or assignees. | |
| Defendant. | |

TO THE HONORABLE, ROBIN RIBLET, JUDGE AND SANTA BARBARA BANK & TRUST:

1. Plaintiff, and Debtor, JUAN DIAZ ORTIZ, hereby moves the court for leave to file the Third Amended Complaint, a copy of which is attached hereto. The ground for leave to amend is to cure a defect in the original pleading. The operative complaint incorrectly based relief on the case of In Re: Zimmer. As the Court pointed out during the plan confirmation hearing, Zimmer does not permit bifurcation of a second deed of trust into secured and unsecured for purpose of "lien stripping."

2. The case that should be cited in the adversary complaint involving a Chapter 12 bankruptcy case is Harmon v. U. S. Through Farmers Home Administration, et al, 101 F.3d 574 (C.A.8 (S.D.) 1996). In the matter of Harmon v. U.S. Through Farmers Home Administration, 101 F.3d 574 (C.A.8 (S.D.), 1996) the Court stated the case presented a question of first impression in the Courts of Appeals: whether Chapter 12 Bankruptcy Code permits a debtor to "strip down" an undersecured creditor's lien to the value of the collateral. The Court held that it does and accordingly affirmed the judgment of the District Court. The Court stated that the plan may "modify the rights of holders of secured claims, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. The Court concluded that "allowed secured claim" in §1225(a)(5) must be interpreted by reference to the bifurcation of claims into secured claims and unsecured claims by §506(a). The creditor must retain the pre-bankruptcy lien only insofar as it secures repayment of the secured claim and not insofar as it secured the portion of the debt that has become, by operation of §506(a), an unsecured claim.

POINTS AND AUTHORITIES

3. Amendments With Leave of Court: Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. [FRCP 15(a)(2).] The Rules

provide that leave to amend should be freely given "when justice so requires." [FRCP 15(a)(2).] Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. Forman v. Davis (1962) 371 US 178, 182; FilmTec Corp. v. Hydranautics (Fed. Cir. 1995) 67 F3d 931.

    4.    Grounds for amendment: Although a formal motion may not be required, grounds for amendment must be shown. Confederate Mem. Ass'n, Inc. v. Hines (DC Cir. 1993) 995 F2d 295, 299.

In conclusion, the plaintiff/debtor, respectfully requests leave to file the Third Amended Complaint to correct the legal grounds for seeking to determine the extent, validity and priority of the liens of Santa Barbara Bank & Trust.

Dated this 30th day of November, 2009

STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation

By /s/ Steven Trolard

Steven Trolard
Attorney for Plaintiff and
Debtor

## Declaration of Steven Trolard in Support of Motion For Leave

I, Steven Trolard, declare:

1. I am the attorney of record for the debtor/plaintiff in this case and if called to testify I could competently testify to the facts stated in this declaration.

2. Attached, as Exhibit 1, is a true and correct copy of the Third Amended Complaint that we seek leave to file with the court.

3. The purpose of the amended complaint is to set forth the correct legal basis for seeking to avoid and remove the undersecured liens against the real property of the debtor in this Chapter 12 bankruptcy case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated this 30th day of November and executed at Thousand Oaks, California.

*/s/ Steven T.*

Steven Trolard